UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE : | BANKRUPTCY NO. 05-15013 |
| : | CHAPTER 7 |
| DANIEL L. DUNLAP, DEBTOR : | |
| : | |
| RICHARD W. ROEDER, TRUSTEE, : | DOCUMENT NO. 34 |
| Movant : | |
| vs. : | |
| DANIEL L. DUNLAP AND ROBERT W.: | |
| MAYS, Respondents : | |

## MEMORANDUM AND ORDER

The Trustee has filed a motion to sell to Brian N. Gates four 2006 Heinz Field Personal Seat Licenses ("Licenses") as well as four 2006 Steelers Season Tickets for the sum of $12,000. The first pre-season game is scheduled for August 19, 2006. The matter was brought by the Trustee as an emergency matter in view of that game schedule.

Each License carries with it a right to purchase a certain season ticket at the ticket price. Without such a License, no season ticket may be purchased. The waiting list consists of some 15,000 names. The License may be sold or transferred and, here, constitutes an asset of the estate.

Robert W. Mays ("Mays") has filed an objection to the emergency motion. Mays is not mentioned in the motion for sale; the Trustee asserts that he did not know of Mays' ownership claim at the time of filing the motion, since the Seats were solely in the name of Daniel L. Dunlap ("Debtor") in the records of the Pittsburgh Steelers.

Mays asserts an ownership interest in the Seats. He asserts that he is an owner in common with Debtor and that they, together, hold title to the Seats as tenants in common, each having a 50% interest.

Mays' objection to the Trustee's motion has several elements. First, Mays asserts that the sale motion violates 11 U.S.C. §363(h) because the Seats are indivisible and the detriment to Mays outweighs any benefit to the estate. At the hearing, August 9, 2006, the Trustee suggested that this objection be met by an auction sale to be held forthwith in open court, offering all four Licenses and 2006 tickets, in bulk, conditioned on Mays losing his assertion of ownership as a legal and factual determination. Also, the two Licenses and 2 season tickets as to which Mays could have no claim would be separately subjected to auction. This procedure would preserve the rights of both parties.

Thereupon, the Court denied the Trustee's motion for private sale and proceeded forthwith to public auction as indicated above. Bidding was spirited.

The high conditional bid for the four Licenses and tickets was $30,500 by Jason Wible.

The high conditional bid for the two Licenses and tickets was $15,500 by Curt Hovis.

No one bid on the second pair of Licenses and tickets, it having been agreed, for clarification, that if mays is successful in his ownership claim, then Curt Hovis gets the remaining two tickets for $15,500; and if Mays is unsuccessful, then Jason Wible gets all four Licenses and tickets for $30,500.

Mays has several objections. He asserts that he is a co-owner with Debtor as to the four Licenses and tickets and that the sale motion violates 11 U.S.C. §363(h) because the Licenses are divisible and the detriment to Mays outweighs the benefit to the estate. This objection is mooted by the method of sale which, in effect, partitioned the Licenses.

Mays also objects that the sale motion violates 11 U.S.C. §363(i) in not protecting Mays' right of first refusal. That bridge has yet to be crossed, but it did not appear at the auction that Mays had any interest in matching any of the high bids.

Mays also objects that the sale motion should have been commenced as an adversary proceeding and must be dismissed. The Trustee asserts that the available title information did not show any ownership in Mays and Mays' rights can be adequately addressed on the procedure before us. Mays is entitled to the procedural protections he requests. It is therefore ORDERED that this contested matter is hereby converted to an adversary proceeding and, pursuant to Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, all of the rules of Part VII shall apply in this proceeding.

Mays also asserts ownership of a 50% interest in the Licenses under a constructive trust theory.

It is ORDERED that an evidentiary hearing on Mays' claim of ownership, and whether he is an owner of the Licenses and tickets, or a creditor, shall be held in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA on August 17, 2006 at 9:30 a.m. The entire day has been reserved on the Court's calendar.

Dated: August 11th, 2006

Warren W. Bentz
United States Bankruptcy Judge

FILED

AUG 11 2006

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE